## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| NICHOLAS TARKINGTON, | * | |
| ADC #145954 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 5:16-cv-00220-JLH-JJV |
| | * | |
| WENDY KELLEY, Director, Arkansas | * | |
| Department of Correction | * | |
| | * | |
| Respondent. | * | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  BACKGROUND

Mr. Tarkington was convicted by a jury in Lonoke County, Arkansas, of two counts of rape for forcing his six-year-old daughter to have sexual intercourse with him, and forcing his four-year-old daughter to perform oral sex. *Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010). The court summarized the case as follows:

> The State charged Tarkington with two counts of rape for having sexual intercourse with his six-year-old daughter, K.T., and for forcing his four-year-old daughter, L.T., to perform oral sex. For these charges, Tarkington stood trial before a Lonoke County jury. The record reflects that the prosecuting attorney had difficulty eliciting verbal responses from the child witness, and the court allowed a short recess to give K.T. the opportunity to compose herself. However, when K.T. returned to the stand, she continued to shake her head to indicate "yes" or "no." At a sidebar conference requested by defense counsel, the prosecutor stated that she would seek verbal replies from the child witness in an effort to make a better record. At that time, defense counsel noted that the prosecuting attorney stood in a position that blocked K.T. from Tarkington's line of sight during the child's testimony. Defense counsel objected to the prosecutor positioning herself between the child witness and Tarkington, and the court overruled Tarkington's objection. During the sidebar conference, the following exchange occurred:
>
>> Defense Counsel: And one other thing, Your Honor, I was wondering if counsel could stand a little bit closer or a little bit to the side. It's hard for me—

> The Court: I think there is a legitimate reason for counsel to position herself in the position that she is as long as you are not blocking Mr. Lane's [defense counsel's] view of the witness.
>
> Prosecutor: Judge, and he can get up.
>
> The Court: But I—the positioning of counsel I think is helpful to facilitating the proceeding, but at the same time, I understand that you have the right to reposition or make sure that you're observing the witness during the testimony.
>
> Defense Counsel: Yes, sir. But I would suggest that intentionally blocking or standing between K.T. and [appellant] is abrogating my client's Sixth Amendment right to confrontation. He has to—she has to be able to say in front of him, that's what the Sixth Amendment says. It's a lot easier to lie or to make stuff up when you're not looking right at the person.
>
> The Court: Your objection to his violation of his Sixth Amendment right is overruled. There are cases when he would not even be in the same room with the alleged victim during the testimony or to be able to observe and to hear and it's not a violation of the Sixth Amendment right so in this particular situation your objection is overruled.

The record contains little additional discussion of or reference to the prosecutor's position during K.T.'s questioning, and defense counsel did not raise the issue during L.T.'s testimony.

K.T. resumed testifying and, with the assistance of dolls, stated that her father had sexual intercourse with her in the presence of her sister. L.T. testified that Tarkington forced her to perform oral sex three times. The State also called Dr. Jerry Jones, an expert in pediatric sexual assault at Arkansas Children's Hospital, Detective Michelle Scroggins of the Lonoke County Sheriff's Office, and Christy Tarkington, the children's mother, to testify. Nancy Corley, Tarkington's live-in girlfriend, testified for the defense. After deliberations, the jury convicted Tarkington of two counts of rape and sentenced him to concurrent terms of forty years in the Arkansas Department of Correction. The circuit court entered a judgment and commitment order reflecting the two rape convictions, and Tarkington timely filed a notice of appeal.

*Tarkington v. State*, No. CACR 10-65, 2010 WL 2605668 (Ark. App. 2010) at *1.

On appeal, Mr. Tarkington argued that his Sixth Amendment right to confront his accuser was violated when the trial court allowed the prosecutor to stand between him and K.T. *Id.* at *3.

However, without addressing the merits of his argument, the Arkansas Court of Appeals affirmed Mr. Tarkington's conviction, finding he failed to "bring up a record of his alleged Confrontation Clause violation." *Id.* at *5.[1]

Mr. Tarkington then filed a Petition for Writ of Habeas Corpus in this Court. *See Tarkington v. Hobbs*, 5:11-cv-00050-JJV. Mr. Tarkington sought habeas relief based on essentially the same argument he made to the Arkansas Court of Appeals. I carefully reviewed that Petition and found Mr. Tarkington's claims were procedurally defaulted. I found that the Arkansas Court of Appeals' opinion dismissing Mr. Tarkington's appeal for failing to preserve his argument was resolved on an adequate and independent state ground - namely Mr. Tarkington's failure to bring a sufficient record before the Arkansas Court of Appeals. I also found Mr. Tarkington failed to show cause and prejudice or a fundamental miscarriage of justice. Therefore, I dismissed his Petition.

**II.     ANALYSIS**

Mr. Tarkington has now filed a second Petition for Writ of Habeas Corpus. According to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." The claim now raised by Mr. Tarkington in this application is identical to the claim he raised in *Tarkington v. Hobbs*, 5:11-cv-00050-JJV. (Doc. No. 3) Thus, the successive petition provision contained in § 2244(b)(1) is triggered and Mr. Tarkington's Petition should be dismissed.

---

[1] It is worth noting that Judge Robbins, in his dissent, stated, "As for appellant's rape conviction pertaining to L.T., the record is devoid of any information regarding the positioning of the prosecutor relative to L.T. and the appellant during L.T.'s testimony. Moreover, appellant did not raise any objection about such issue during direct examination of L.T. Consequently, I concur with the majority that appellant's conviction as to L.T. should be affirmed." *Tarkington v. State*, 2010 WL 2605668 at 10.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling of his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Mr. Tarkington fails to make a substantial showing of the denial of a constitutional right. The issues raised in the Petition are not debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, certificate of appealability should not issue in this case.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Tarkington's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

DATED this 26th day of July, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE